**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 00-40518**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**ALFREDO LOERA-ROSALES,**

**Defendant-Appellant.**

Appeal from the United States District Court
For the Eastern District of Texas
(1:99-CR-126-1)

June 21, 2001

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Alfredo Loera-Rosales ("Appellant") was convicted by a jury on a one-count indictment for assaulting a correctional officer in violation of 18 U.S.C. § 111. Appellant seeks reversal of his conviction on the basis that the district court erroneously admitted evidence of his prior bad acts and that the evidence was insufficient to support his conviction. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Appellant was charged with assaulting Kenneth Woods, an employee of the Federal Bureau of Prisons ("BOP") in Beaumont, Texas, on June 12, 1999. Woods was the Appellant's case manager at the prison facility in which Appellant was housed.

At approximately 10:00 a.m. on the morning of June 12, Woods and another corrections officer, Timothy Sherman, conducted a stand-up count of the inmates. The inmates were required to stand up so that they could be counted.

During the count, Appellant approached Woods from behind, placed him in a headlock, and punched him in the face several times. Woods was able to free himself and push Appellant against a wall. Sherman pressed the distress alarm on his radio and proceeded to assist Woods. Appellant stopped struggling when he saw that Sherman was about to strike him. Sherman then tackled Appellant and restrained him. Appellant then began crying and stated that he was having a seizure. According to Sherman, Appellant's "convulsions" consisted merely of Appellant's hands shaking. Other officers handcuffed Appellant and he again stated that he was having a seizure. Medical attendants placed him on a gurney and he was taken away.

At trial, Appellant's defense was that he was having a seizure when he attacked Woods and thus, his actions were involuntary. Appellant had reported a history of seizures. At trial, he

testified that in 1976, during a gang fight, he had been struck in the head with a crowbar and that seven months after that, he began having grand mal seizures. According to Appellant, his seizures were brought about whenever he had flashbacks of his gang activity.

Appellant testified that he knew he was having a seizure when he attacked Woods because he felt weak afterwards. He claimed that he did not remember striking Woods and that if he did, it was unintentional. His testimony was contradicted by Woods, Sherman, and Nurse Charise Talbot, who had assisted Appellant on the day of the incident. Each of these individuals testified that Appellant's behavior was not consistent with their experiences with individuals experiencing a seizure. Specifically, each testified that unlike individuals whom they had observed in seizure, Appellant was fully capable of speaking, walking, and forming a fist.

Appellant conceded on cross-examination that he had never had seizures during his prior incarceration at federal facilities in California or Oklahoma. Furthermore, he conceded that his head injury occurred in 1988, not 1976 as he had previously testified.

Prior to the trial, the government had filed a notice, pursuant to Rule 404(b) of the Federal Rules of Evidence, of its intent to introduce evidence of other incidents in which Appellant had threatened correctional officers. The district court granted Appellant's motion in limine to prevent the government from introducing such evidence under Rule 404(b). However, during cross-examination of Appellant, the government questioned Appellant

3

about these two prior instances of threats against officers. The government also questioned Appellant about a seizure he reported having four days after the June 12 incident and his specific request that the nurse "record the report in his file." The district court overruled Appellant's objections to these matters. The government, in response to Appellant's objections, had argued that the evidence was proper under Rule 608(b) as impeachment of Appellant's credibility.

The jury convicted Appellant on January 9, 2000, and on May 3, 2000, the district court entered a judgment of conviction against Appellant. Appellant has timely appealed.

## II.

As noted above, Appellant first contends that the district court erred in admitting the evidence of his two prior threats against corrections officers because they were inadmissible under Rule 404(b) since neither involved the same intent or conduct required for a violation of his count of conviction. Simply put, he claims that these incidents were simply not similar enough to the incident for which he was charged to be relevant on the issue of his intent on June 12. In his view, the undue prejudicial value of these incidents outweighed their probative value.

Alternatively, Appellant argues that, save for the evidence of his prior threats, the government failed to put forth sufficient evidence of his intent to commit the offense charged. The

4

government responds that the evidence is more than sufficient to support the jury's verdict as several witnesses, including Woods, Sherman, and Nurse Talbot testified that Appellant's behavior was inconsistent with that of one experiencing a grand mal seizure. Also, Sherman testified that Appellant deliberately struck Woods in the face and then claimed that he was having a seizure only after being subdued. Furthermore, there was no evidence that Appellant had ever reported to prison officials or medical personnel that he was experiencing seizures prior to June 12.

## III.

We reverse a district court's admission of extrinsic evidence under Rule 404(b) "'only upon a clear showing of an abuse of discretion.'" United States v. Guerrero, 169 F.3d 933, 943 (5th Cir. 1999) (quoting United States v. Bailey, 111 F.3d 1229, 1233 (5th Cir. 1997)). Additionally, a district court's error in this regard will not be reversed if the same is determined to be harmless. See United States v. Tomblin, 46 F.3d 1369, 1388 (5th Cir. 1995) (error in allowing Rule 404(b) evidence does not warrant reversal "because the jury would have returned a verdict of guilty . . . even without the prejudicial testimony").

Regarding the sufficiency of the evidence to support a conviction, as Appellant moved for a judgment of acquittal at the close of the government's case, the standard guiding our review of the sufficiency of the evidence is "whether, considering all of the

evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

Mindful of the foregoing principles governing our review, we conclude that the district court did not abuse its discretion in allowing the government to introduce evidence regarding Appellant's prior threats against correctional officers.  Even were we to conclude otherwise, any such error would be harmless in light of the more than sufficient presentation of evidence to support the jury's verdict.  That is to say, notwithstanding the challenged evidence, and in reviewing the entire body of evidence in the light most favorable to the guilty verdict, we find that the government presented sufficient independent evidence from which a reasonable trier of fact could conclude that Appellant was guilty of the charged offense beyond a reasonable doubt.  Specifically, the government put on several witnesses, one of whom was a trained medical professional with significant experience in dealing with seizures, who testified that Appellant's June 12 behavior was inconsistent with his claim that he was undergoing a seizure. Additionally, Appellant's subsequent "reported" seizures were unsubstantiated by independent record evidence.  The jury could easily have rejected Appellant's contention that his actions were involuntary by virtue of a seizure based upon this evidence.

**IV.**

Based upon all of the foregoing considerations, we conclude that the district court committed no reversible error. Accordingly the judgment of conviction entered by the district court is affirmed in all respects.

**AFFIRMED.**